UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:00-CR-257 |
| | § | |
| EFRAIN  GONZALEZ | § | |

## <u>ORDER</u>

Efrain Gonzalez filed a motion for sentence reduction pursuant to the "Holloway Doctrine." D.E. 56. He requests this Court exercise its discretion and grant him a sentence reduction, even though he recognizes that he is not eligible for a sentence reduction on other bases. Gonzales argues that he has been a model inmate, obtained his GED and completed over 50 educational courses.

Gonzalez was convicted after his guilty plea to possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine. D.E. 35. He was held accountable for the marijuana equivalent of 34,097.78 kilograms. His total offense level was determined to be 39, including points for leadership and credit for acceptance of responsibility. His criminal history category was I, resulting in a guideline sentencing range of 262 to 327 months. D.E. 36. The Court downwardly departed from the guideline range and sentenced him to 225 months in 2007. D.E. 35.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.' 18 U.S.C. § 3582(c)." *Freeman v. United States*, 564 U.S. 522, 526 (2011); *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Garcia*, 606 F.3d 209, 212 & n.5 (5th Cir. 2010); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). A court may reduce a sentence in the following circumstances, 1) when the Bureau of Prisons moves the

Court to modify the sentence for reasons outlined in § 3582(c)(1), 2) under Rule 35 of the Federal Rules of Criminal Procedure, and 3) when the sentencing range under which the defendant was sentenced has been subsequently lowered, and a modification of sentence is consistent with the guideline's policy statements. *See* 18 U.S.C. § 3582(c). The sentencing at issue in these circumstances is not a plenary resentencing, but is circumscribed by the reduction authorized by the revision to the Sentencing Guidelines. *Dillon*, 560 U.S. at 819..

This Court may also resentence a defendant when the sentence has been vacated on direct appeal or through a successful motion pursuant to 28 U.S.C. § 2255. *Pepper v. United States*, 562 U.S. 476, 481 (2011); *see also United States v. Cardona*, 420 Fed. App'x. 448, 452 (5th Cir., Apr. 4, 2011) (per curiam) (unpublished) (assuming but not deciding that a sentence vacated pursuant to § 2255 results in a plenary resentencing).

Although this Court commends Gonzalez' efforts towards rehabilitation, this Court may not adjust his sentence. The motion (D.E. 56) is therefore DENIED.

SIGNED and ORDERED this 20th day of April, 2017.

_____
Janis Graham Jack
Senior United States District Judge